cause they have not set it up in their answer. Rubber Co. v. Goodyear, 9 Wall. [76 U. S.] 788.

This disposes, in substance, of all the exceptions of the defendants. In conclusion, it is proper to say, that the proofs show a case where it is peculiarly proper that the court should repose upon the master's findings upon the facts. Such is the conflict between the witnesses upon nearly all of the issues entering into the question of the amount due the complainants, that while I should have been better satisfied if the profits had been estimated at fifty dollars per annum for each run of stones using the device, it would be quite unsafe to say that the master has not arrived at judicious and correct conclusions. The defendants' exceptions are overruled.

The complainants insist, by their exceptions, that they are entitled to recover not only the profits made by the defendants during the time all of them were using the device, but, also, as against the defendants William G. Gage and Frederick A. Gage, the further amount made while they were using the device jointly or in conjunction with Henderson. In this I think they are correct. The defendants are tort-feasors, and each is liable for the whole damages. The right of the party injured to look to either as well as to all of the defendants for the whole damage he has sustained, is not confined to a resort to a court of law, but is recognized and enforced when he resorts for his remedy to a court of equity. It is the peculiar province of equity, when it has acquired jurisdiction of the subject matter of a controversy, to award in the suit full and complete relief between all parties. The master has found the net profit arising from the use of the device by William G. Gage and Frederick A. Gage, down to the date of the order of reference, October 3d, 1877, to be $281 97, in addition to the profits which accrued to all the defendants jointly. This should have been allowed to the complainants, and is now allowed.

The decree will provide for a recovery for the complainants, as against all the defendants, of the sum of $1,161 84, and as against the defendants William G. Gage and Frederick A Gage, for the further sum of $281 97.

[NOTE. An appeal was then taken by the defendants to the supreme court, where the decree was reversed, and the bill dismissed, in an opinion by Mr. Justice Gray, who said that the new claim in the reissue was invalid because it was merely a combination of some of the elements of the original claim, and, as defendants only used the new claim, there could be no infringement. 107 U. S. 640, 2 Sup. Ct. 819.

[For another case involving this patent, see Bignall v. Harvey, 4 Fed. 334.]

---

HERRING v. GAGE. See Case No. 6,424.

---

## Case No. 6,423.

HERRING v. GAS CONSUMERS' ASS'N.
[See 9 Fed. 556.]

---

## Case No. 6,424.

HERRING et al. v. NELSON et al.

SAME v. GAGE et al.

[14 Blatchf. 293; 3 Ban. & A. 55; 12 O. G. 753; Merw. Pat. Inv. 459; 10 Chi. Leg. News, 260.] [1]

Circuit Court, N. D. New York. Sept. 10, 1877.

PATENTS—IMPROVEMENT IN COOLING AND DRYING MEAL—REISSUE—COMBINATION OF FEWER ELEMENTS — NOVELTY — REJECTED APPLICATION AS EVIDENCE OF USE.

1. The first claim of reissued letters patent granted to John Deuchfield, January 16th, 1872, for an "improvement in cooling and drying meal," and extended, April 17th, 1872, for seven years from April 20th, 1872, (the original patent having been granted to said Deuchfield April 20th, 1858), namely, "The arrangement and combination of the suction fan, G, and the spout, I, with the meal-chest, D, receiving the meal from the grinding stones, and provided with a conveyor shaft, F, and elevator F', substantially as and for the purpose set forth," is not subject to the objection that it is for a different invention from that for which the original patent was issued, although the original patent claimed only a combination which embraced the elements composing the combination claimed in said first claim with other elements.

[Cited in Kerosene Lamp Heater Co. v. Littell, Case No. 7,724; Christman v. Rumsey, Id. 2,704; Blackman v. Hibbler, Id. 1,471; Atwood v. Portland Co., 10 Fed. 287; Bignall v. Harvey, 4 Fed. 334; Wilson v. Coon, 6 Fed. 620; Smith v. Merriam, Id. 718; Dederick v. Cassell, 9 Fed. 308; Gage v. Herring, 107 U. S. 641, 2 Sup. Ct. 820.]

2. The combination of machinery for cooling meal, in the process of converting grain into flour, with machinery for preventing the waste of meal, constitutes a patentable combination, and not a mere aggregation.

[Cited in Johnson v. Flushing & N. R. Co., Case No. 7,384.]

3. A patent for a combination of old elements may be reissued for a combination of fewer elements than were contained in the combination originally claimed.

[Cited in Hoffman v. Young, 2 Fed. 77.]

4. The decision in Gill v. Wells, 22 Wall. [89 U. S.] 11, explained.

5. A patent, to be overthrown on the question of novelty, must be overthrown by clear and satisfactory proof.

[Cited in Kittle v. Hall, 29 Fed. 514.]

6. A rejected application for a patent is not evidence that the thing described was ever used, nor is such description a patent or a publication, within the statute.

[These were bills in equity by James W. Herring and others against Willis S. Nelson and others and against William G. Gage and others for infringement of a patent.]

George F. Comstock and James A. Allen, for plaintiffs.

Henry R. Selden, for defendants.

JOHNSON, Circuit Judge. The bills, in these causes, were exhibited by the plaintiffs, as assignees, for the county of Oswego, of

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 3 Ban. & A. 55; and here republished by permission. Merw. Pat. Inv. 459, contains only a partial report.]